# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MATTHEW RYAN BRINKLEY,**

    **Plaintiff,**

v.                                                                        **Case No. 8:19-cv-993-T-30AAS**

**ANDREW SAUL,**
**Commissioner,**
**Social Security Administration,**[1]

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

Matthew Ryan Brinkley seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' joint memorandum, it is **RECOMMENDED** that the Commissioner's decision be **REMANDED** for further consideration consistent with this report and recommendation.

## I.    PROCEDURAL HISTORY

Mr. Brinkley applied for DIB, alleging a disability beginning on November 20,

---

[1] On June 17, 2019, Andrew Saul became Commissioner of the Social Security Administration. Consistent with Federal Rule of Civil Procedure 25(d), Mr. Saul is substituted as a party in Nancy Berryhill's place.

2014. (Tr. 176–77). Disability examiners denied Mr. Brinkley's application initially and after reconsideration. (Tr. 77–86, 89–19). Mr. Brinkley then requested a hearing before an ALJ which was held on July 6, 2017. (Tr. 35–76, 122). The ALJ issued a decision unfavorable to Mr. Brinkley on May 1, 2018. (Tr. 17–30).

The Appeals Council denied Mr. Brinkley's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–5). Mr. Brinkley seeks judicial review of the Commissioner's final decision. (Doc. 1, p. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Background

Mr. Brinkley was thirty-two years old on the date of the ALJ's May 1, 2018 decision. (Tr. 28, 42). He graduated from high school and has past work experience as a tank crewmember, helicopter mechanic, pest control service sales agent, and assembly machine set-up mechanic. (Tr. 28).

### B.  Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[3] he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability

---

[2] If the ALJ determines the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Mr. Brinkley engaged in no substantial gainful activity since November 20, 2014. (Tr. 19). The ALJ found Mr. Brinkley had these severe impairments: "early degenerative changes of the low lumbar spine with radiculopathy, mild lumbar levoscoliosis, minimal to mild degenerative changes of the cervical spine, plantar fasciitis, peripheral neuropathy, headaches, obesity, post-traumatic stress disorder (PTSD), depressive disorder, and traumatic brain injury." (Tr. 19–20). Nonetheless, the ALJ found Mr. Brinkley's impairment or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 20).

---

[4] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. § 404.1545.

3

The ALJ found Mr. Brinkley had an RFC to perform sedentary work,[5] except Mr. Brinkley:

> [M]ust be able to alternate positions at will, and he must be able to use a cane in the right dominant hand while standing and walking. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; occasionally tolerate exposure to unprotected heights and moving mechanical parts; and occasionally operate a motor vehicle. He can perform simple, routine, repetitive tasks that do not require a production rate pace (e.g. no assembly line work). He can occasionally interact with coworkers, but he can never interact with the public, and he can tolerate only routine changes in a stable work environment.

(Tr. 22). Based on these findings, the ALJ determined Mr. Brinkley could perform no past relevant work. (Tr. 28). The ALJ then determined Mr. Brinkley could perform other jobs that exist in significant numbers in the national economy, specifically as a document preparer, an addresser, and a bench hand. (Tr. 28–29). Thus, the ALJ found Mr. Brinkley not disabled. (Tr. 29).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than

---

[5] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.     Issue on Appeal

Mr. Brinkley brings four appellate issues.[6] Mr. Brinkley argues the ALJ failed to adequately consider the Department of Veterans Affairs (VA) disability rating. (Doc. 16, pp. 15–17).[7] Mr. Brinkley also argues the ALJ did not properly weigh Dr.

---

[6] The joint memorandum identifies four issues, but three issues relate to whether the ALJ properly weighed certain medical opinions. Therefore, this report addresses those three issues together under a single subheading.

[7] Although Mr. Brinkley addresses the VA disability rating issue last, this report addresses this issue first.

Maged Saad's opinion and failed to weigh Drs. Erin Clevenger's and Jennifer Schnitzer's opinions. (*Id.* at pp. 7–14)

### 1.     VA Disability Rating

Mr. Brinkley argues the ALJ failed to apply the correct legal standards to Mr. Brinkley's VA disability ratings. (Doc. 16, p. 16). Mr. Brinkley asserts the ALJ did not provide specific reasons for discounting the VA's disability determination and that this omission shows the ALJ did not consider the VA's disability determination. (*Id.* at p. 17). The Commissioner argues the ALJ considered Mr. Brinkley's VA disability ratings along with the evidence and medical source opinions underlying the ratings leading the ALJ to properly discount the VA's disability determination. (*Id.* at p. 18). The Commissioner asserts the ALJ properly noted the distinctions in awarding Social Security benefits and VA benefits and used the Social Security regulations to review and discuss the medical evidence underlying the VA disability determinations. (*Id.* at p. 21).

In determining whether a claimant is disabled, the ALJ should consider decisions by governmental agencies about whether a claimant is disabled along with the other evidence of record. 20 C.F.R. § 404.1512(b)(1)(v).[8]  A determination made by another agency that a claimant is disabled does not bind the Social Security Administration (SSA) because that decision is based on that agency's rules and the

---

[8] The Social Security Administration amended this regulation effective March 27, 2017. The regulation now identifies the claimant's and the Commissioner's responsibility of evidence. 20 C.F.R. § 404.1512 (2017). However, Mr. Brinkley filed his claim before March 27, 2017, and thus the former regulation applies.

Commissioner's disability determination is based on social security law. 20 C.F.R. § 404.1504.[9] "A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight." *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citation and internal quotation marks omitted). "Although VA disability standards are lower than the Commissioner's standards, the ALJ must still consider the VA's disability rating and cannot reject it based on mere fact that it is not binding." *Williams v. Berryhill*, Case No. 8:17-cv-64-T-30AEP, 2018 WL 1321275, at *3 (M.D. Fla. Feb. 26, 2018), report and recommendation adopted by 2018 WL 1216237 (M.D. Fla. Mar. 14, 2018).

An ALJ commits legal error when they "[s]ummarily reject[ ] a VA disability rating because it is non-binding in the SSA context and relies on different criteria." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018); *see also Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). If the ALJ affords the VA decision's less than great weight, then the ALJ must provide sufficient reasons for affording less weight to that decision. *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) ("[A]lthough the ALJ declined to give controlling weight to the VA disability determination and did not expressly state she gave 'great' weight to it, there is no indication that she failed to give the VA's

---

[9] The Social Security Administration amended this regulation effective March 27, 2017. The regulation now provides the Commissioner, when considering disability claims filed on or after March 27, 2017, will no longer analyze another agency's disability decision in reaching the disability determination. 20 C.F.R. § 404.1504 (2017). However, Mr. Brinkley filed his claim before March 27, 2017, and thus the former regulation, and the case law related to that regulation, govern the outcome of this case.

determination great weight or consideration."); *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 857 (11th Cir. 2015) (affirming decision where ALJ did not specify weight given to VA disability determination but "seriously considered" it in making his own determination that claimant was not disabled).

Here, the ALJ provides three reasons for giving the VA's rating partial weight: (1) the determinations about Mr. Brinkley's disability made by another government entity is not binding on the SSA; (2) the VA applies different rules and standards than the SSA for determining whether Mr. Brinkley is disabled; and (3) although the ALJ agrees the medical evidence supports some limitations in Mr. Brinkley's ability to perform work-related activities, the "VA's service connected disability ratings are of limited relevance, particularly as the VA does not make a function-by-function assessment of an individual's capabilities despite his or her impairments." (Tr. 27). The ALJ also identified Mr. Brinkley's various service-connected ratings and acknowledged Mr. Brinkley had a total 100% service-connected rating from the VA.[10] (*Id.*).

Although the ALJ is correct that disability determinations by other agencies are not binding, the ALJ should give "great weight" to the determination unless the ALJ meaningfully reviews the disability determination to show a basis for affording

---

[10] The ALJ considered Mr. Brinkley's "70% service-connected rating with regard to his PTSD, his 70% service-connected rating with regard to his traumatic brain disease, his 20% service-connected rating with regard to his lumbosacral or cervical strain, his 20% service-connected rating with regard to his impairment of the clavicle or scapula, his 10% service-connected rating with regard to his limited motion of the wrist, his 10% service connected rating with regard to his tinnitus, and his total 100% service-connected rating from the VA (Exhibit 7F)." (Tr. 27).

8

less than great weight to that determination. *Burch-Mack v. Comm'r of Soc. Sec.*, Case No. 8:15-cv-1167-T-JSS, 2016 WL 4087477, at *4 (M.D. Fla. Aug. 2, 2016). Additionally, "[a] VA rating of 100% disability should [be] more closely scrutinized by the ALJ." *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981).[11] Here, the ALJ gave partial weight to Mr. Brinkley's 100% VA disability rating by stating three cursory reasons with no analysis. (Tr. 27). Simple restating perfunctory reasons along with the ALJ's opinion about the medical evidence does not constitute a meaningful review of Mr. Brinkley's VA disability rating. *See Moye v. Comm'r of Soc. Sec.*, Case No. 8:18-cv-2544-T-AEP, 2020 WL 1284791, at *3 (M.D. Fla. Mar. 18, 2020). Because the ALJ failed to meaningfully review Mr. Brinkley's VA disability ratings, substantial evidence does not support the ALJ's rejection of Mr. Brinkley's VA disability ratings.

The ALJ's failure to develop the record about the claimant's VA disability rating warrants remand. *See Nice v. Comm'r of Soc. Sec. Admin.*, Case No. 8:17-cv-624-T-MCR, 2018 WL 823139, at *4 (M.D. Fla. Feb. 12, 2018). "Even though the Social Security claimant has the burden of providing medical evidence establishing disability, 'the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues'; this duty exists even when the claimant is represented by counsel." *Mallory v. Comm'r of Soc. Sec.*, Case No.: 6:14-cv-1669-Orl-GJK, 2015 WL 8321898, *4 (M.D. Fla. Dec. 9, 2015) (internal citations omitted). "Where there are

---

[11] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

9

references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings." *Id.* (internal citations omitted). "Thus, where the record references a VA disability determination, the ALJ has a duty to develop the record, even if the claimant is represented by counsel, and make a reasonable effort to obtain the VA's disability determination." *Id.*

Although the ALJ noted all Mr. Brinkley's VA disability ratings, the only official record of VA disability came from May and June 2013. (Tr. 275–78, 287–301). But those disability ratings were increased at some point because the medical records starting as early as November 2015 provided different disability ratings. (Tr. 385–86). In his largest increases in disability ratings, Mr. Brinkley's service-connected rating for his PTSD increased from 50% (Tr. 276–77) to 70% (Tr. 386),[12] and his service-connected rating for his traumatic brain disease increased from 40% (Tr. 277–78) to 70% (Tr. 386). In his smaller increases in disability ratings, Mr. Brinkley's service-connected rating for lumbosacral or cervical strain increased from 10% (Tr. 290–91) to 20% (Tr. 386), and his service-connected rating for his impairment of the clavicle and scapula increased from 10% (Tr. 289) to 20% (Tr. 386).

Thus, the ALJ failed to develop the record on Mr. Brinkley's VA disability ratings. The ALJ pulled the ratings from Mr. Brinkley's medical records putting the ALJ on notice she did not have Mr. Brinkley's official disability rating. (Tr. 27 (citing

---

[12] This report includes the increased numbers from the earliest medical record that noted Mr. Brinkley's disability ratings.

Exhibit 7F)). "Prior to determining the weight of the VA's disability rating, the ALJ had a duty to develop the record and obtain the necessary documents from the VA." *Brown v. Comm'r of Soc. Sec.*, Case No.: 2:16-cv-564-FTM-CM, 2017 WL 4277538, at *5 (M.D. Fla. Sept. 27, 2017). The ALJ could have done this by either following up with Mr. Brinkley's counsel or obtaining the records on her own before rendering a decision. *See Nice*, 2018 WL 823139, at * 4.

Because the ALJ failed to develop the record fully, it is recommended that the court remand the case to the Commissioner to obtain Mr. Brinkley's official VA disability ratings and meaningfully review those records.

    2.    <u>Medical Opinions</u>

Mr. Brinkley argues the ALJ improperly weighed or failed to weigh certain medical opinions. (Doc. 16, pp. 7–15). Mr. Brinkley specifically addresses medical opinions from Drs. Saad, Clevenger, and Schnitzer. (*Id.*).

The ALJ must state with particularity the weight given to different medical opinions and her reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). In determining the weight to afford a medical opinion, the ALJ considers many factors including, but not limited to, the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more evidence a medical source presents to support an opinion, the more weight that medical opinion should be afforded. 20 C.F.R. § 404.1527(c)(3).

Typically, the ALJ must afford the testimony of a treating physician

substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240–41. The ALJ may reject any medical opinion if evidence supports a contrary finding, but the ALJ must still articulate reasons. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986).

The ALJ need not refer to every piece of evidence, provided the decision does not broadly reject a claim for Social Security benefits. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, if failing to state or explain weight does not affect the ALJ's ultimate decision, it is harmless error and does not warrant remand. *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016).

### a.     *Dr. Saad*

Mr. Brinkley argues the ALJ failed to properly account for Dr. Saad's opinion that Mr. Brinkley could only interact appropriately with supervisors on a minimal basis. (Doc. 16, p. 9). Mr. Brinkley argues if the ALJ properly considered Dr. Saad's opinion on Mr. Brinkley interacting with supervisors, then Mr. Brinkley's potential occupational base would be limited. (*Id.* at p. 10). The Commissioner argues the

ALJ's RFC limits social interaction to co-workers which includes supervisors who are co-workers with authority. (*Id.*). The Commissioner asserts any failure to include an express limitation to occasional contact with supervisors is harmless error and would not change the result. (*Id.* at pp. 10–11).

Dr. Saad opined Mr. Brinkley "is capable of appropriate social interaction on a minimal basis with coworkers and supervisors but should avoid work with the general public." (Tr. 98). In the decision, the ALJ thoroughly reviewed Dr. Saad's findings and gave great weight to the opinion because Dr. Saad is "familiar with the disability programs and their evidentiary requirements, and his opinion is consistent with the overall record." (Tr. 21, 26). Although the ALJ's RFC does not specifically mention interaction with supervisors, a review of the jobs identified based on the ALJ's RFC show the limitation, interacting minimally with supervisors, was considered. (Tr. 22).

The ALJ determined Mr. Brinkley could perform several other jobs available in significant numbers in the national economy, including the jobs document preparer, addresser, and bench hand. (Tr. 29). For these positions, taking instructions is not a significant part of the job. Dictionary of Occupational Titles §§ 715.684-026 (bench worker); 209.587-010 (addresser); and 249.587 (document preparer). Even though the RFC did not specifically mention Mr. Brinkley should only occasionally interact with supervisors, the jobs identified based on Mr. Brinkley's RFC do not require taking instruction as a significant part of the job, limiting interaction with supervisors who provide the instruction. Mr. Brinkley has

13

not shown that he otherwise cannot perform those jobs based on his mental RFC.

Therefore, Mr. Brinkley's argument that ALJ's failure to reconcile her decision to afford great weight to Dr. Saad's opinion and her decision to not include Dr. Saad's specific finding that Mr. Brinkley should minimally interact with supervisors lacks merit because Mr. Brinkley has not shown how that omission is inconsistent with the ALJ's RFC and jobs identified by the Vocational Expert.

### b.   *Drs. Clevenger & Schnitzer*

Mr. Brinkley asserts the ALJ failed to mention or weigh Drs. Clevenger's and Schnitzer's opinions. (Doc. 16, pp. 12, 14). Mr. Brinkley argues the ALJ failed to apply correct legal standards and made factual determinations not supported by substantial evidence. (*Id.* at pp. 12, 14). The Commissioner acknowledges the ALJ did not expressly discuss Drs. Clevenger's and Schnitzer's opinions but asserts any failure to do so is harmless. (*Id.* at pp. 13–15). The Commissioner argues Mr. Brinkley does not show how the RFC does not account for Dr. Clevenger's opinion other than the same supervisor argument made about Dr. Saad's opinion. (*Id.* at p. 13). The Commissioner argues Dr. Schnitzer's opinion does not preclude work and the ALJ considered Dr. Schnitzer's limitations by excluding production rate pace work. (*Id.* at p. 15).

Dr. Clevenger's opinion is a "Review Evaluation of Residuals of Traumatic Brain Injury (R-TBI) Disability Benefits Questionnaire" used in evaluating Mr. Brinkley's VA disability claim for his traumatic brain disease. (Tr. 1356–65). Dr. Schnitzer's opinion is a "Review Post Traumatic Stress Disorder Disability Benefit

14

Questionnaire" used in evaluating Mr. Brinkley's VA disability claim for his PTSD. (Tr. 1278–85).

Although the ALJ need not address every piece of evidence if there is not a blanket denial of Social Security benefits, the court should direct the ALJ to address Drs. Clevenger's and Schnitzer's opinions on remand because those opinions likely supported Mr. Brinkley's increased VA ratings in his service-connected PTSD and traumatic brain disease. *See Mitchell*, 771 F.3d at 782.

## IV. CONCLUSION

The ALJ's failure to develop the record and meaningfully review the VA disability ratings warrants remand. Additionally, on remand, the ALJ should address Drs. Clevenger's and Schnitzer's opinions. The Commissioner's decision should therefore be **REMANDED** for further consideration consistent with this report and recommendation.

**RECOMMENDED** in Tampa, Florida, on April 15, 2020.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.  11th Cir. R. 3-1.